KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
steven.desalvo@usdoj.gov
United States Office Building
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3357-BEN |
|---|---|---|
| Plaintiff, | ) | DATE: February 11, 2008 |
| | ) | TIME: 2 p.m. |
| v. | ) | |
| JORGE ALEJANDRO CORREA-RODRIGUEZ, | ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS: TO COMPEL DISCOVERY AND PRESERVE EVIDENCE; TO DISMISS; AND FOR LEAVE TO FILE FURTHER MOTIONS |
| Defendant. | ) | TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its response and opposition to motions filed by defendant JORGE ALEJANDRO CORREA-RODRIGUEZ. Said response is based upon this response and opposition, the files and records of the case, and argument.

# I.

## STATEMENT OF FACTS

On December 1, 2007, Jorge Alejandro Correa-Rodriguez ("Defendant") was apprehended after agents discovered 139.23 kilograms of marijuana in a vehicle he was driving. On December 12, 2007, he was indicted by a grand jury. The indictment alleges that he imported the marijuana in violation of 21 U.S.C. §§ 952, 960, and that he possessed the marijuana with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1).

# II.

## POINTS AND AUTHORITIES

### A.    STANDARD DISCOVERY REQUESTS

Contrary to Defendant's claim that he has received "zero pages" of discovery, the Government in fact produced 103 pages of discovery on January 16, 2008. As to the specific discovery and evidentiary requests of Defendant, the Government responds as follows:

   1.    The Government Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure

The government will disclose defendant's statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (defendant's relevant written or recorded statements, written records containing substance of defendant's oral statements *in response to government interrogation*, and defendant's grand jury testimony).

   2.    The Government Will Comply With Rule 16(a)(1)(D)

The defendant will be provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding defendant's criminal record. Any subsequent or prior similar acts of defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at the reasonable time in advance of trial.

   3.    The Government Will Comply With Rule 16(a)(1)(E)

The government will permit defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to defendant. This will include an inspection of Defendant's "A-File."

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available. Counsel should contact the Assistant assigned to the case two weeks before the scheduled trial date and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession..

5.  The Government Will Comply With Rule 16(a)(1)(F)

The government will permit defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are within the possession of the government, and by the exercise of due diligence may become known to the attorney for the government and are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial. Counsel for defendant should contact the Assistant United States Attorney assigned to the case and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession.

6.  The Government Will Comply With Its Obligations Under Brady v. Maryland

The government is well aware of and will fully perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to

the accused, or that pertains to the credibility of the government's case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). <u>See</u> <u>also</u> <u>United States v. Sukumolachan</u>, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976) (<u>Brady</u> does not create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

       7.  <u>Discovery Regarding Government Witnesses</u>

  a. <u>Agreements</u>. The Government will disclose the terms of any agreements by Government agents, employees or attorneys with witnesses that testify at trial. Such information will be provided at the time of the filing of the Government's trial memorandum.[1] The Government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

  b. <u>Bias or Prejudice</u>. The Government will provide information related to the bias, prejudice or other motivation to lie of Government trial witnesses as required in <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

  c. <u>Criminal Convictions</u>. The Government has produced or will produce any criminal convictions of Government witnesses plus any <u>material</u> criminal acts which did not result in conviction. The Government is not aware that any prospective witness is under criminal investigation.

  d. <u>Ability to Perceive</u>. The government will produce in discovery any evidence that the ability of a government trial witness to perceive, communicate or tell the truth is impaired or that such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

---

[1] As with all other offers by the Government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the Government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the Government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

  e. <u>Witness List</u>. The Government will endeavor to provide the defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such a list is not required. See <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir. 1977), <u>cert. denied</u>, 419 U.S. 834 (1974). The defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him.

  f. <u>Witnesses Not to Be Called</u>. The Government is not required to disclose all evidence it has or to make an accounting to the defendant of the investigative work it has performed. <u>Moore v. Illinois</u>, 408 U.S. 786, 795 (1972); <u>see</u> <u>United States v. Gardner</u>, 611 F.2d 770, 774-775 (9th Cir. 1980). Accordingly, the Government objects to defendant's request for discovery concerning any individuals whom the Government does not intend to call as witnesses.

  g. <u>Favorable Statements</u>. The Government has disclosed or will disclose the names of witnesses, if any, who have made favorable statements concerning the defendant which meet the requirements of <u>Brady</u>.

  h. <u>Review of Personnel Files</u>. The Government has requested a review of the personnel files of all federal law enforcement individuals who will be called as witnesses in this case for <u>Brady</u> material. The Government has requested that counsel for the appropriate federal law enforcement agency conduct such review. <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996); <u>see, also, United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992).

  Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v. Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality . . ." <u>United States v. Cadet</u>, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of

the information within its possession in such personnel files, the information will be submitted to the Court for in camera inspection and review.

  i. Government Witness Statements. Production of witness statements is governed by the Jencks Act (Title 18, United States Code, Section 3500) and need occur only after the witness testifies on direct examination. United States v. Taylor , 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981)). Indeed, even material believed to be exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

The government reserves the right to withhold the statements of any particular witnesses it deems necessary until after the witness testifies. Otherwise, the government will disclose the statements of witnesses at the time of the filing of the government's trial memorandum before trial, provided that defense counsel has complied with defendant's obligations under Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse Jencks" statements at that time.

  8. The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the government has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection. If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981).

  9. All Investigatory Notes and Arrest Reports

The government objects to the defendant's request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to the defendant. Such reports, except to the extent that they include Brady material or the statements of

1   defendant, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government
2   agents in connection with the investigation or prosecution of the case."

3   Although agents' reports have already been produced to the defense, the government is not
4   required to produce such reports, except to the extent they contain Brady or other such material.
5   Furthermore, the government is not required to disclose all evidence it has or to render an
6   accounting to defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S.
7   786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

8              10.    Expert Witnesses.

9   Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum,
10  the Government will provide the defense with notice of any expert witnesses the testimony of
11  whom the Government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in
12  its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons
13  therefor, and the witnesses' qualifications. Reciprocally, the Government requests that the defense
14  provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

15             11.    Information Which May Result in Lower Sentence.

16  Defendant claims that the Government must disclose information about any cooperation or
17  any attempted cooperation with the Government as well as any other information affecting
18  defendant's sentencing guidelines because such information is discoverable under Brady v.
19  Maryland. The Government respectfully contends that it has no such disclosure obligations under
20  Brady.

21  The Government is not obliged under Brady to furnish a defendant with information which
22  he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert. denied,
23  479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977). Brady is a rule
24  of disclosure. There can be no violation of Brady if the evidence is already known to the defendant.

25  Assuming that defendant did not already possess the information about factors which might
26  affect their respective guideline ranges, the Government would not be required to provide
27  information bearing on defendant's mitigation of punishment until after defendant's conviction or
28  plea of guilty and prior to his sentencing date. "No [Brady] violation occurs if the evidence is

disclosed to the defendant at a time when the disclosure remains of value." United States v. Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

**B.  THE INDICTMENT SHOULD NOT BE DISMISSED BECAUSE THE GRAND JURY WAS PROPERLY INSTRUCTED**

Defendant makes contentions relating to two separate instructions given to the grand jury during its impanelment by District Judge Larry A. Burns on January 11, 2007. Memorandum of Points and Authorities, at 4-10 (hereinafter "Memorandum"). Although recognizing that the Ninth Circuit in United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir. 2005) (en banc) generally found the two grand jury instructions constitutional, Defendant here contends Judge Burns went beyond the text of the approved instructions, and by so doing rendered them improper to the point that the indictment should be dismissed. Defendant's argument is wholly without merit.

**1.  Judge Burns Properly Instructed the Grand Jurors That They Should Not Concern Themselves With "The Wisdom of the Criminal Laws" and Properly Instructed Them That They "Should" Return An Indictment if Probable Causes Existed**

In his instructions to the grand jurors, Judge Burns told the jurors that they could not judge the wisdom of the criminal laws, stating:

> You understood from the questions and answers that a couple of people were excused, I think three in this case, because they could not adhere to the principle that I'm about to tell you.
>
> But it's not for you to judge the wisdom of the criminal laws enacted by congress; that is, whether or not there should be a federal law or should not be a federal law designating certain activity is criminal is not up to you. That's a judgment that congress makes.
>
> And if you disagree with the judgment made by congress, then your option is not to say "Well I'm going to vote against indicting even though I think that the evidence is sufficient" or "I'm going to vote in favor of even though the evidence may be insufficient." Instead, your obligation is to contact your congressman or advocate for a change in the laws, but not to bring your personal definition of what the law ought to be and try to impose that through applying it in a grand jury setting.

Partial Transcript at 8-9.

Judge Burns' instruction was proper. In Navarro-Vargas II, the Ninth Circuit upheld grand jury instructions forbidding grand jurors from judging the wisdom of the criminal laws. The Ninth Circuit stated: "If a grand jury can sit in judgment of wisdom of the policy behind a law, then the power to return a no bill in such cases is the clearest form of 'jury nullification.' Furthermore, the

8                                                                                                                    07CR3357-BEN

1   grand jury has few tools for informing itself of the policy or legal justification for the law; it
2   receives no briefs or arguments from the parties.  The grand jury has little but its own visceral
3   reaction on which to judge the 'wisdom of the law.'" 408 F.3d at 1203.

4   　　　　Defendant, however, claims that Judge Burns' instructions impermissibly precluded the
5   grand juror's "perogative not to indict" even if the evidence establishes probable cause that the
6   person has committed a crime. Memorandum at 6. Contrary to Defendant's claim, Judge Burns'
7   instruction did not pressure the grand jurors to give up their discretion not to return an indictment.
8   Judge Burns' words cannot be parsed to say that they flatly bars the grand jury from declining to
9   indict because the grand jurors disagree with a proposed prosecution. That aspect of a grand jury's
10  discretionary power (i.e. disagreement with the prosecution) was dealt with in Navarro-Vargas in
11  its discussion of another instruction not at issue here. 408 F.3d at 1204-06 ("'Should' Indict if
12  Probable Cause Is Found"). This other instruction bestows discretion on the grand jury not to
13  indict. In finding this instruction constitutional, the court stated in words that ring true here, "It is
14  the grand jury's position in the constitutional scheme that gives it its independence, not any
15  instructions that a court might offer." 408 F.3d at 1206. While the new grand jurors were told by
16  Judge Burns that they could not question the wisdom of the criminal laws per Navarro-Vargas, they
17  were also told by Judge Burns they had the discretion not to return an indictment per Navarro-
18  Vargas. See Merced v. McGrath, 426 F.3d 1076, 1079-80 (9th Cir. 2005). Thus, there was no
19  error requiring dismissal of this indictment or any other indictment by this Court exercising its
20  supervisory powers.

21  　　　　Finally, should be "reluctant to invoke the judicial supervisory power as a basis for
22  prescribing modes of grand jury procedure." United States v. Williams, 504 U.S. 36, 50 (1992).
23  Moreover, a court should not exercise this power absent a showing that the defendant is "actually
24  prejudiced by the misconduct." United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir. 1992). Even
25  if there was error, Defendant has proffered no facts supporting a claim of actual prejudice in this
26  case. Accordingly, his argument should be dismissed on that basis alone. "Absent such prejudice
27  – that is, absent 'grave' doubt that the decision to indict was free from the substantial influence
28  of [the misconduct]' – a dismissal is not warranted." Id.

**2.    Judge Burns' Statement That Prosecutors Are "Duty-Bound" to Present Exculpatory Evidence Did Not Improperly Infer That No Exculpatory Evidence Exists Where the Prosecutor Presents No Exculpatory Evidence**

Defendant also argues that because Judge Burns instructed the grand jurors that Assistant U.S. Attorneys were "duty-bound" to present exculpatory evidence, see Partial Transcript at 20, he gave the impression that no exculpatory evidence exists when the prosecutor does not present such evidence. This argument is without merit and is inconsistent with the holding in United States v. Williams, 504 U.S. 36, 50 (1992), which held that federal courts do not have supervisory authority to require prosecutors to disclose exculpatory evidence.

The fact that Judge Burns' statement contradicts Williams, but is in line with self-imposed guidelines for United States Attorneys, does not create the constitutional crisis proposed by Defendant, for two reasons. First, no improper inference was created when Judge Burns reiterated what he knew to be a self-imposed duty on federal prosecutors. Simply stated, in the vast majority of the cases the reason the prosecutor does not present "substantial" exculpatory evidence, is because no "substantial" exculpatory evidence exists. If it does exist, the evidence, as mandated by U.S. Attorney policy, should be presented to the grand jury by the Assistant U.S. Attorney upon pain of possibly having his or her career destroyed by an Office of Professional Responsibility investigation. Even if there is some nefarious slant to the grand jury proceedings when the prosecutor does not present any "substantial" exculpatory evidence, because there is none, the negative inference created thereby in the minds of the grand jurors is legitimate. In cases such as Defendant's, the Government has no "substantial" exculpatory evidence generated from its investigation or from submissions tendered by the defendant. There is nothing wrong in this scenario with a grand juror inferring from this state-of-affairs that there is no "substantial" exculpatory evidence.

Second, just as the instruction language regarding the United States Attorney attacked in Navarro-Vargas was found to be "unnecessary language [which] does not violate the Constitution," 408 F.3d at 1207, so too the "duty-bound" statement was unnecessary when charging the grand jury concerning its relationship with the United States Attorney and her Assistant U.S. Attorneys, and does not violate the Constitution. In United States v. Isgro, 974 F.2d 1091 (9th Cir. 1992) the

1   Ninth Circuit while reviewing Williams established that there is nothing in the Constitution which
2   requires a prosecutor to give the person under investigation the right to present anything to the
3   grand jury (including his or her testimony or other exculpatory evidence), and the absence of that
4   information does not require dismissal of the indictment.  974 F.2d at 1096 ("Williams clearly
5   rejects the idea that there exists a right to such 'fair' or 'objective' grand jury deliberations.").  Thus,
6   while the "duty-bound" statement was an interesting tidbit of information, it was unnecessary in
7   terms of advising the grand jurors of their rights and responsibilities in their deliberations, and does
8   not cast an unconstitutional pall upon the instructions which requires dismissal of the indictment
9   in this case.  Judge Burns repeatedly "remind[ed] the grand jury that it stands between the
10  government and the accused and is independent," which was required by Navarro-Vargas.  408
11  F.3d at 1207.  In this context the unnecessary "duty-bound" statement does not mean that
12  "'structural protections of the grand jury have been so compromised as to render the proceedings
13  fundamentally unfair, allowing the presumption of prejudice' to the defendant," and "[the]
14  defendant can[not] show a history of prosecutorial misconduct that is so systematic and pervasive
15  that it affects the fundamental fairness of the proceeding or if the independence of the grand jury
16  is substantially infringed." Isgro, 974 F.2d at 1094 (Citation omitted).  Therefore, this indictment
17  should not be dismissed.

18  **C.    LEAVE TO FILE ADDITIONAL MOTIONS**

19  The United States does not oppose Defendant's request for leave to file further motions, so
20  long as discovery motions are based on discovery not yet received by Defendant.

21                                                         **III**

22                                                    **CONCLUSION**

23  For the foregoing reasons, the Government respectfully requests that the defendant's motions,
24  except where not opposed, be denied.
25  //
26  //
27  //
28  //

| | |
|---|---|
| 1 | DATED: February 8, 2008 |
| 2 | Respectfully submitted, |
| 3 | KAREN P. HEWITT<br>United States Attorney |
| 4 | |
| 5 | s/ Steven De Salvo |
| 6 | STEVEN DE SALVO<br>Assistant U.S. Attorney<br>steven.desalvo@usdoj.gov |

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3267-JLS |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JORGE ALEJANDRO CORREA-RODRIGUEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, STEVEN DESALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Siri Shetty**
Law Offices of Siri Shetty
110 W. C Street, Suite 1810
San Diego, CA 92101
attyshetty@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2008

s/ Steven De Salvo
STEVEN DE SALVO