**LAW OFFICE OF SIRI SHETTY**
Siri Shetty, Cal. Bar No. 208812
110 West "C" Street
San Diego, California 92101-3909
Telephone: (619) 602-8479
Facsimile: (619) 232-7735
attyshetty@yahoo.com
Attorney for Defendant
JORGE RODRIGUEZ-CORREA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3357 |
| Plaintiff, | ) ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS *IN LIMINE* TO: |
| | ) ) ) | 1.  Exclude Rule 404(b) evidence |
| v. | ) ) | 2.  Exclude expert testimony; |
| | ) ) | 3.  Exclude poverty evidence. |
| JORGE CORREA-RODRIGUEZ, | ) ) | |
| Defendant | ) | |

## I.     STATEMENT OF FACTS

Mr. Correa-Rodriguez incorporates the statement of facts from his previously filed motions.

## II.     THIS COURT SHOULD EXCLUDE FED. R. EVID. 404(b), AND 609 EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS

### A.     The Court Should Preclude Use of 404(b) and 609 Evidence.

The Federal Rules of Evidence require the government to give the defense notice of its intent to use 404(b) or 609 evidence. Proper notice has not been given in this case despite a

1   timely request by the defense in pretrial motions.  Because of this lack of notice, the Court

2   should enter an order prohibiting the government from introducing any evidence of any prior

3   acts or convictions on Defendant's part.

4        The government need not "know with absolute certainty" it will introduce 404(b)

5   evidence.  United States v. Vega, 188 F.3d 1150, 1154 (9th Cir. 1999).[1/]  Rule 404(b) "mandates

6   that the government provide notice even if the government intends to introduce the evidence for

7   impeachment or for possible rebuttal."  Id.  (citing Fed. R. Evid. 404(b), advisory committee

8   note, 1991 amendment).

9        Under Rule 404(b), evidence of prior acts will be admitted only if:

10           (1) the evidence tends to prove a material point;
             (2) the prior act is not too remote in time;
11           (3) the evidence is sufficient to support a finding that defendant committed the
             other act; and
12           (4) (in cases where knowledge and intent are at issue) the act is similar to the
             offense charged.
13

14  United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir. 1994).

15       If the Court will not suppress "other acts" evidence based on the government's lack of

16  notice, Mr. Correa-Rodriguez, in the alternative, requires immediate notice of any and all 404(b)

17  evidence that comes to the government's attention, which the government intends to possibly

18  introduce.  Additionally, Mr. Correa-Rodriguez requests that the notice of the government's

19  intended use of such evidence be accompanied by a statement of the alleged substantive basis

20  for admission of such evidence.  See Fed. R. Evid. 404(b); Mayans, 17 F.3d at 1181 (stating that

21  "the government 'must articulate precisely the evidential hypothesis by which a fact of con-

22  sequence may be inferred from the other acts evidence.'").  If proper notice is given, Mr. Correa-

23  Rodriguez will need the opportunity to make further motions to this Court based on the new

24  information.

25

26

_____

27  [1/] **TECS BORDER CROSSINGS.**  Rule 404(b) "applies to all 'other acts,' not just bad acts."
    Vega, 188 F.3d at 1154; see Fed. R. Evid. 404(b).  Thus, although there is nothing intrinsically improper
28  about Mr. Correa-Rodriguez' prior border crossings, or prior crossings of the vehicle, for example, they
    are nonetheless subject to 404(b).  Any prior border crossings ("TECS") are considered "other acts"
    evidence which the government must produce before trial.  Vega, 188 F.3d at 1154-55.

1    **III.    THE COURT SHOULD EXCLUDE EXPERT TESTIMONY**

2        Mr. Correa-Rodriguez objects to the admission of a government expert.  Mr. Correa-

3    Rodriguez has yet to receive any notice of an expert. On that basis alone, a government expert

4    should be excluded because Federal Rule of Criminal Procedure 16(a)(1)(E) requires notice.

5    Accordingly, the government should be barred from introducing any such testimony.

6    **A.    The Government Must Disclose the Basis for the Expert's Opinion.**

7        Federal Rule of Criminal Procedure 16, provides for expanded discovery on expert

8    witnesses.  In pertinent part, it provides:

9            **(E) Expert Witnesses.**  At the defendant's request, the government
             *shall* disclose to the defendant a written summary of testimony the
10           government intends to use under Rules 702, 703, or 705 of the
             Federal Rules of Evidence during its case in chief at trial. . . .the
11           summary provided under this subdivision *shall* describe the witnes-
             ses' opinions, the bases and reasons therefore, and the witnesses'
12           qualifications.

13    FED. R. CRIM. P. 16

14        This provision minimizes "the surprise that often results from unexpected expert

15    testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity

16    to test the merit of the expert's testimony through focused cross-examination."  FED. R. CRIM.

17    P. 16 Advisory Committee Notes (1993 amendment).  A key aspect of this rule is that the gov-

18    ernment must provide the defense with a summary of the bases underlying the expert's opinion.

19    Here, such a summary would include all information relied upon (i.e., the basis) for concluding

20    the controlled substance had a certain value on the date listed in the Indictment.

21        Mr. Correa-Rodriguez requested all the government's Rule 16 expert notice and

22    summaries in his pre-trial motions. Any expert testimony offered by the government at this late

23    day could deny Mr. Correa-Rodriguez the opportunity to adequately prepare for trial.

24    Accordingly, the Court should exclude any such expert testimony.

25        Counsel for the government will likely seek to offer expert testimony that (1) the sub-

26    stance it seized is marijuana and (2) the marijuana has a certain monetary value.  Mr. Correa-

27    Rodriguez objects to the latter as irrelevant and on Fed. R. Evid. 403 grounds.  In addition,

28    Mr. Correa-Rodriguez requests compliance with Fed. R. Crim. P. 16 and discovery of the ***bases***

1    underlying the purported experts' opinions. See United States v. Zanfordino, 833 F. Supp. 429,

2    432-33 (S.D. N.Y. 1993); Fed. R. Crim. P. 16; Fed. R. Evid. 612 & 705; 18 U.S.C. § 3500.

3         Mr. Correa-Rodriguez also seeks a pre-trial hearing under Kumho Tire Co. v.

4    Carmichael, 526 U.S. 137 (1999). In Zanfordino, the defense requested discovery regarding the

5    *basis* of the expert's testimony.  The district court granted the request, noting that a cross

6    examination conducted without that information implicated due process and the Confrontation

7    Clause. 833 F. Supp. at 432.  "If an expert is testifying based in part on undisclosed sources of

8    information, cross-examination vouchsafed by that Clause would be unduly restricted." Id.  In

9    addition to the constitutional concerns, Zanfordino also relied, as does Mr. Correa-Rodriguez,

10   on Rule 16, Jencks and Fed. R. Evid. 705.  Id. at 432-33.[2/]  Rule 16 requires disclosure of "the

11   bases and reasons for [the expert's] opinions."  Fed. R. Crim. P. 16(a)(1)(E).  The Rules of

12   Evidence impose a similar requirement: "[t]he expert may in any event be required to disclose

13   the underlying facts or data on cross-examination." Fed. R. Evid. 705.  As the Zanfordino court

14   observed, "delaying such disclosure until [cross examination] would merely prolong the trial."

15   833 F. Supp. at 433.  Information relied upon by an expert is clearly Jencks material, particularly

16   when the information takes the form of reports written or adopted by the expert. See 18 U.S.C.

17   § 3500(a), (e)(1); see also Fed. R. Civ. P. 26(b)(4) (adversary may obtain information to be

18   relied upon by the expert).

19        Here, if any proposed experts intend to rely upon materials not yet produced to the

20   defense, including reports and various reference materials, this information  must be produced.

21   Indeed, "[i]f an expert is testifying based in part on undisclosed sources of information, cross-

22   examination vouchsafed by [the Confrontation] Clause would be unduly restricted."

23   Zanfordino, 833 F. Supp. at 432.  Mr. Correa-Rodriguez's right to confront and cross examine

24   the witnesses, guaranteed by the Sixth Amendment and effectuated by the discovery rules, will

25   not merely be "unduly restricted" absent disclosure of the bases of the opinions, it will be

26

27   _____

28        [2/]  The government may argue that the amount of material it is obligated to produce might be
     large.  Even so, the fact that the material may be voluminous is not a basis for declining to order the
     necessary disclosure.  See United States v. Roark, 924 F.2d 1426, 1430-32 (8th Cir. 1991); United
     States v. Allen, 798 F.2d 985, 1000 (7th Cir. 1986).

1  eviscerated.  Because trial is fast approaching, and no meaningful discovery has been provided,

2  the experts should be excluded.

3  **B**.    **This Court Should Conduct a Pre-trial Hearing to Determine the Admissibility of any Proposed Expert Testimony.**

4
5  The Court is the gatekeeper of what expert testimony is relevant and reliable.  Only if the

6  Court has first determined a certain expert's testimony is *relevant and **reliable*** can the jury hear

7  such expert testimony.  This Court has the discretion to hold the hearing outside the presence

8  of the jury.  "Trial courts should be mindful of the difficulties posed when counsel must explore

9  an expert's qualifications and the ***bases*** underlying the expert's opinion in the presence of the

10  jury and, depending on the circumstances of the case, should give due consideration to requests

11  that questioning occur unconstrained by that presence."  United States v. Alatorre, 222 F.3d

12  1098, 1105 (9th Cir. 2000) (emphasis added).

13  Mr. Correa-Rodriguez requests a Kumho hearing on the qualifications and relevance of

14  any experts' proposed testimony.  There is no doubt that "some of Daubert's questions can help

15  to evaluate the reliability of even experience-based testimony."  Kumho, 526 U.S. at 151 (citing

16  Daubert v. Merrel Dow Pharmaceuticals, 509 U.S. 579 (1993)).  Moreover, the Ninth Circuit

17  has recognized that Daubert is equally applicable to non-scientific expert testimony, even though

18  the four Daubert factors need not be present in every case.  United States v. Hankey, 203 F.3d

19  1160, 1168-69 & n.7 (9th Cir.) (citing Skidmore v. Precision Printing and Packaging, Inc., 188

20  F.3d 606, 618 (5th Cir. 1999); but see Kumho, 526 U.S. at 159 ("the failure to apply one or

21  another of [the Daubert factors] may be unreasonable, and hence an abuse of discretion")

22  (Scalia, J., concurring).  Thus, any suggestion that some standard other than Daubert applies is

23  erroneous.

24  **IV.    THE COURT SHOULD EXCLUDE POVERTY EVIDENCE DURING THE EVIDENTIARY AND ARGUMENT PORTIONS OF THE TRIAL**

25
26  It is impermissible for the prosecution to elicit testimony or to comment upon the difficult

27  financial circumstances of the defendant.  Such comments upon poverty are forbidden.  United

28  States v. Romero-Avila, 210 F.3d 1017, 1022 n.2 (9th Cir. 2000).

1    Even before the Romero-Avila case, this Circuit had so concluded.  In United States v.

2  Mitchell, 172 F.3d 1104 (9th Cir. 1999), the defendant was convicted of bank robbery, and at

3  trial, the prosecution offered evidence that the defendant was poor to prove the defendant's

4  motive to commit the bank robbery.  In reversing the conviction, the court stated:  "Poverty as

5  proof of motive has in many cases little tendency to make theft more probable.  Lack of money

6  gives a person an interest in having more.  But so does desire for money, without poverty.  A

7  rich man's greed is as much a motive to steal as a poor man's poverty.  Proof of either, without

8  more, is likely to amount to a great deal of unfair prejudice with little probative value."  Id. at

9  1108-09.   To be admissible, poverty evidence must be accompanied by something more, such

10  as an "unexplained, abrupt change in circumstances."  Id. at 1108-09.  Poverty evidence is only

11  admissible if accompanied by evidence of a specific and immediate financial need.  See United

12  States v. Jackson, 882 F.2d 1444, 1453 (9th Cir.1989) (Reinhardt, J., dissenting);  see also id.

13  at 1450 (majority opinion) (noting that "poverty alone does not indicate a motive to commit, or

14  the commission of, a crime"); United States v. Bensimon, 172 F.3d 1121, 1129 (9th Cir. 1999)

15  (fact that defendant in bankruptcy at time crime committed does not demonstrate particular need

16  for money); Mitchell, 172 F.3d 1104, 1108-09 (9th Cir.1999) (evidence of poverty, absent "an

17  unexplained abrupt change of circumstances," is inadmissible to prove motive); United States

18  v. Grissom, 645 F.2d 461, 469 n. 11 (5th Cir.1981) ("[I]t is almost always grossly improper for

19  any lawyer representing the United States government to comment on the indigency of a

20  defendant.").

21    "Poverty comments" may not be made even when the evidence commented upon is

22  admitted by the defense.  Romero-Avila, 210 F.3d 1017, 1022 & n.2 (9th Cir. 2000).  Romero-

23  Avila specifically rejected the very argument that the defendant is barred from challenging com-

24  ments upon improper poverty testimony because he elicited it during cross-examination and held

25  that the government's comments were plain error.

26    Therefore, this Court should issue an order precluding the prosecution from:  (1) intro-

27  ducing any evidence regarding Mr. Correa-Rodriguez's financial condition, and (2) commenting

28  upon Mr. Correa-Rodriguez's financial condition during argument.

## V.  <u>**CONCLUSION**</u>

For the foregoing reasons, Mr. Correa-Rodriguez respectfully requests that the Court grant these motions.

Executed on: <u>*April 16, 2008*</u>                         <u>     s/*Siri Shetty*     </u>

Attorney for Defendant
Email: attyshetty@yahoo.com