KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6330
Facsimile: (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE ALEJANDRO CORREA-RODRIGUEZ,<br><br>Defendant. | Criminal Case No. 07CR3357-BEN<br><br>Date: April 22, 2008<br>Time: 9:30 a.m.<br>Before Honorable Roger T. Benitez<br><br>UNITED STATES' MOTIONS IN LIMINE TO<br><br>(A) EXCLUDE WITNESSES;<br>(B) PROHIBIT REFERENCE TO PUNISHMENT, EDUCATION, HEALTH, AGE, and FINANCES;<br>(C) ADMIT EXPERT TESTIMONY;<br>(D) ADMIT DOCUMENTS;<br>(E) ADMIT DUPLICATES;<br>(F) ESTABLISH CHAIN OF CUSTODY;<br>(G) ADMIT DEMEANOR EVIDENCE;<br>(H) LIMIT TESTIMONY OF CHARACTER WITNESSES;<br>(I) PRECLUDE EXPERT TESTIMONY BY DEFENSE WITNESSES;<br>(J) ADMIT VIDEOTAPE AND TRANSCRIPT OF POST-MIRANDA STATEMENT;<br>(K) ADMIT 609 EVIDENCE.<br><br>TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES |

07CR3357-BEN

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its motions in limine in the above-captioned case. Said memorandum is based upon the files and records of this case.

## I

## STATEMENT OF FACTS

On December 1, 2007, Jorge Alejandro Correa-Rodriguez ("Defendant") was apprehended after agents discovered 139.23 kilograms of marijuana in a vehicle he was driving. On December 12, 2007, he was indicted by a grand jury. The indictment alleges that he imported the marijuana in violation of 21 U.S.C. §§ 952, 960, and that he possessed the marijuana with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). Defendant has entered a not guilty plea.

## II

## *IN-LIMINE* MOTIONS OF THE UNITED STATES

**A. THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

**B. DEFENDANT SHOULD BE PROHIBITED FROM ARGUING PUNISHMENT, EDUCATION, HEALTH, AGE, FAMILY CIRCUMSTANCES, AND FINANCES TO THE JURY**

Defense counsel may wish to raise potential penalties Defendant faces if convicted. Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromised verdicts, and confuses the issues to be

1  decided. United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995). In federal court, the jury is not
2  permitted to consider punishment in deciding whether the Government has proved its case against the
3  defendant beyond a reasonable doubt. 9th Cir. Crim. Jury Instr. §7.4 (2003). Any such argument or
4  reference would be an improper attempt to have the jury unduly influenced by sympathy for the
5  defendant and prejudiced against the Government. See 9th Cir. Jury Inst. § 3.1 (2000).
6      Therefore, the Government hereby moves in limine for the Court to order defense counsel not
7  to mention any penalty or punishment to the jury or to solicit testimony regarding the same.
8      Likewise, the defense should be prohibited from making reference to or arguing about
9  Defendant's education, health, age, family circumstances, and finances. Defendant may attempt to
10 introduce evidence designed to improperly arouse the sympathy of the jury, such as evidence of his age
11 or personal background. The court should preclude Defendant from presenting such evidence under
12 the Federal Rules of Evidence 401, 402, and 403.
13     Testimony about Defendant's education, health, age, family circumstances, and finances are
14 patently irrelevant to the issues in this case. Rule 401 defines "relevant evidence" as "evidence having
15 any tendency to make the existence of any fact that is consequence to the determination of the action
16 more probable or less probable than it would be without the evidence." Rule 402 states the evidence
17 "which is not relevant is not admissible." Testimony about Defendant's age and personal background
18 are of no consequence to the determination of any essential facts in this case. Likewise, a defendant's
19 right to testify is not absolute. That right does not authorize a defendant to present irrelevant testimony.
20 See, United States v. Adams, 56 F.3d 737 (7th Cir. 1995) (proper to exclude video of defendant's
21 children opening gifts on Christmas because video would only develop sympathy for accused and would
22 not establish defendant's whereabouts two days earlier).
23     Furthermore, the introduction of such evidence would violate Fed. R. Evid. 403. That rule
24 allows a court to exclude relevant evidence where the danger of unfair prejudice or confusion of the
25 issues outweighs the probative value of such evidence. A trial court has "wide latitude" to exclude such
26 prejudicial or confusing evidence. See United States v. Saenz, 179 F.3d 686, 689 (9th Cir. 1999). The
27 admission of testimony about defendant's education, health, age, and finances will tend "to induc[e]
28 decisions on a purely emotional basis . . ." in violation of Rule 403. See, Fed. R. Evid. 403 Advisory

Committee Notes; United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998). Juries should not be influenced by sympathy. 9th Cir. Crim. Jury Instr. § 3.1 (2003).

Thus, the Government moves *in limine* for the court to order defense counsel not to introduce such testimony from Defendant or from any witnesses.

### C.  ADMIT EXPERT TESTIMONY BY GOVERNMENT WITNESSES

The United States expects to present expert testimony by a DEA chemist who determined the substance found in Defendant's vehicle was marijuana and by an ICE Special Agent who has determined the wholesale and retail values of the marijuana in Mexicali and San Diego County. The Court should admit expert testimony by these two witnesses.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. It is within the sound discretion of the trial judge to determine whether or not expert testimony would assist in understanding the facts at issue. United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. An expert may provide opinion testimony even if it embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704.

The United States expects to present the testimony of a DEA chemist that the substance seized from the car was marijuana.[1] At trial, the United States will be required to prove that Defendant knowingly brought marijuana into the United States and that Defendant knew it was marijuana or some other prohibited drug. See 9th Cir. Crim. Jury Instr. § 9.27 (2003). The United States will also have to show that Defendant knowingly possessed marijuana. See 9th Cir. Crim. Jury Instr. § 9.13 (2003). Defendant's importation and possession of marijuana, or some other controlled substance, are elements of the offenses with which she is charged. Thus, expert testimony that the substance seized from

---

[1] To date, the United States and Defendant have not entered into a stipulation regarding the type or quantity of drug that was seized from Defendant's car. If the parties are able to reach a stipulation, the admissibility of expert testimony about drug type will be moot.

Defendant's car was marijuana, a controlled substance, is relevant and should be admitted. See 9th Cir. Crim. Jury Instr. 9.13 (2003) (stating, "It does not matter whether the defendant knew that the substance was [marijuana]. It is sufficient that the defendant knew it was some kind of prohibited drug."). See also United States v. Orduno-Aguilera, 183 F.3d 1138, 1140 (9th Cir. 1999) (finding government failed to meet its burden of proving that controlled substance defendant was accused of importing and possessing met statutory definition).

In addition, the United States intends to present expert testimony by a federal agent regarding the wholesale and retail values of the marijuana seized from Defendant's vehicle. Specifically, this expert will testify as to the wholesale and retail price range for the amount of seized marijuana in the border region of Mexico and in San Diego County, California. The agent will also testify about how marijuana is consumed by the typical end-user. The expert will testify that the amount of marijuana seized from Defendant's car was far greater than a consumer would possess for personal use.

The value expert's testimony on the wholesale and retail values of the marijuana seized in this case is relevant to Defendant's intent to distribute. See United States v. Savinovich, 845 F.2d 834, 838 (9th Cir. 1988) (finding that price and quantity of narcotics is relevant to defendant's intent to distribute). The Ninth Circuit has upheld the admissibility of expert testimony as to the retail value of drugs. See United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir. 1994) ("DEA agents can testify as to the street value of narcotics . . . and counsel can argue reasonable inferences from it.") (citation omitted); see also United States v. Ramirez, 176 F.3d 1179, 1181 (9th Cir. 1999) (finding it "reasonable to infer that a $37,120 shipment of marijuana would not be entrusted to the driver of the vehicle without the driver's knowledge"). Accordingly, no basis exists for excluding this testimony as to the value of the drugs.

It is expected that Agent Conrad will base his opinions on his experience investigating these types of cases, as well as his experience interviewing drug traffickers, debriefing confidential informants, and discussing drug value information with other agents.

The United States does not intend to introduce expert testimony regarding structure in its case-in-chief. If the United States presents such evidence in rebuttal, it will do so consistent with United States v. Vallejo, 237 F.3d 1008, as amended, 241 F.3d 1150 (9th Cir. 2001).

**D.     DOCUMENTS SEIZED AT TIME OF DEFENDANT'S ARREST ARE ADMISSIBLE**

Ninth Circuit law is clear that the documents seized from a defendant at the time of arrest are properly admissible against that defendant. At the time of Defendant's arrest, documents were seized pertaining to the registration of the car he was driving, as well as other personal items. The United States should be permitted to use in its prosecution these items taken from Defendant.

These personal items in Defendant's possession show dominion and control of the vehicle and its contents. Documents relating to the vehicle Defendant was driving when the marijuana was found are admissible as adopted admissions by a party opponent and are not excluded by the hearsay rule. See Fed. R. Evid. 801(d)(2)(B). In addition, certified copies of documents from certain governmental agencies, such as the California Department of Motor Vehicles, are self-authenticating. Fed.R.Evid. 801(c), 803(6) & (8), 902(4) & (11). See United States v. DeWater, 846 F.2d 528, 530 (9th Cir. 1988)(finding registration of vehicles by DMV is a routine, non-adversarial activity); United States v. Abascal, 564 F.2d 821, 830 (9th Cir. 1977), cert. denied sub nom. Frakes v. United States, 435 U.S. 942 (1977).

**E.     THE COURT SHOULD ALLOW THE ADMISSION OF DUPLICATES**

In the alternative, copies of all of the above-mentioned documents items were made by the case agent on the night of Defendant's arrest. In the event that the original documents and items that were in Defendant's possession are no longer available, the Court should allow the introduction of copies of these documents and items. The Government anticipates having a witness with knowledge of both the originals in Defendant's possession as well as the copies that were made at the time of his arrest.

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original, or (2) under circumstances, it would be unfair to admit the duplicate instead of the original. Fed.R.Evid. 103. The foundation for these duplicates can be established, so they should be admitted at trial.

**F.     THE COURT SHOULD NOT REQUIRE THE UNITED STATES TO PROVE EACH LINK IN THE CHAIN OF CUSTODY OF THE MARIJUANA**

The United States intends to introduce evidence of the bulk marijuana discovered in a propane tank in the bed of Defendant's vehicle when he entered the United States. Evidence of the marijuana,

1 which was first seized by inspectors and later tested by a DEA chemist, is admissible because there is
2 a presumption of regularity in its handling by these public officials and the testimony of these witnesses
3 will show that the marijuana has not changed in a material way since its seizure. The United States
4 should not be required to prove every link in the chain of custody in order for marijuana evidence to
5 be admissible.

6       The test of admissibility of physical objects connected with the commission of a crime requires
7 a showing that the object is in substantially the same condition as when the crime was committed (or
8 the object seized). Factors to be considered are the nature of the article, the circumstances surrounding
9 its preservation and custody, and the likelihood of inter-meddlers tampering with it. There is, however,
10 a presumption of regularity in the handling of exhibits by public officials. United States v. Kaiser, 660
11 F.2d 724, 733 (9th Cir. 1981), cert. denied, 445 U.S. 856 (1982), overruled on other grounds, United
12 States v. DeBright, 730 F.2d 1255, 1259 (9th Cir. 1984) (en banc).

13       If this Court finds that there is a reasonable possibility that a piece of evidence has not changed
14 in a material way, the Court has the discretion to admit the evidence. Id.

15       The United States is not required, in establishing chain of custody, to call all persons who may
16 have come into contact with the piece of evidence. Gallego v. United States, 276 F.2d 914, 917 (9th
17 Cir. 1960).

18       The marijuana seized from Defendant's car was marked, photographed, secured, and transported
19 in accordance with standard operating procedures. Because the marijuana has not changed in a material
20 way and has been properly preserved, the United States should not have to prove every link in the chain
21 of custody from the time it was seized through the time of trial.

22       Moreover, the Government intends to bring the bulk marijuana into the courtroom. The jury
23 is entitled to observe and see for themselves the packages the Government contends contain marijuana.
24 The marijuana is the very essence of the crimes charged in the indictment. The presence of the
25 marijuana is not overly prejudicial under Rule 403 as the jury will hear about the weight charged in the
26 indictment, through witness testimony, and in the jury instructions. Furthermore, the weight and its
27 value are circumstantial evidence of Defendant's knowledge.

28

### G.      THE COURT SHOULD ADMIT DEMEANOR EVIDENCE

Evidence regarding a defendant's demeanor and physical appearance is admissible as circumstantial evidence that is helpful to the jury's determination as to whether a defendant knew drugs were concealed in the vehicle. Fed.R.Evid. 701; United States v. Hursh, 217 F.3d 761 (9th Cir. 2000) (jury may consider defendant's nervousness during questioning at a port of entry); United States v. Fuentes-Cariaga, 209 F.3d 1140, 1144 (9th Cir. 2000) (it is within the ordinary province of jurors to draw inferences from an undisputed fact such as a defendant's nervousness at Calexico Port of Entry); United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir. 1990) (jury could infer guilty knowledge from a defendant's apparent nervousness and anxiety during airport inspection); United States v. Lui, 941 F.2d 844, 848 (9th Cir. 1991) (jury could consider guilty knowledge from a defendant's acting disinterested during airport inspection).

It is anticipated that Government witnesses will testify about Defendant's demeanor – in particular his nervousness – at the time he crossed the border. United States inspectors and agents may properly testify to Defendant's behavior, demeanor, and physical appearance, because they have personal knowledge based upon their observations of Defendant. Accordingly, this evidence should be admitted.

### H.      TESTIMONY OF CHARACTER WITNESSES

In introducing positive character evidence, a defendant must restrict himself to evidence regarding "law abidingness" and honesty. A defendant may not introduce evidence concerning specific instances of good conduct, lack of a prior record, or propensity to engage in specific bad acts such as drug smuggling or distribution. United States v. Hedgecorth, 873 F.2d 1307, 1313 (9th Cir. 1987) ("[W]hile a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible.") (citations omitted); United States v. Barry, 814 F.2d 1400, 1403 (9th Cir. 1987); Government of Virgin Islands v. Grant, 775 F.2d 508, 512 (3d Cir. 1985) ("[T]estimony that one has never been arrested is especially weak character evidence".)

Any character evidence Defendant seeks to introduce at trial, therefore, should be limited to evidence regarding his law abidingness and honesty. Character evidence beyond the scope of these two traits would be inappropriate.

### I.    PRECLUDE EXPERT TESTIMONY BY DEFENSE WITNESSES

Defendant must disclose written summaries of testimony that Defendant intends to use under Rules 702.703, or 705 of the Federal Rules of Evidence as evidence at trial. The summaries are to describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. While defense counsel may wish to call an expert to testify, Defendant has provided neither notice of any expert witness, nor any reports by expert witnesses. Accordingly, Defendant should not be permitted to introduce any expert testimony if she fails to disclose such information prior to trial.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993)(affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

### J.    THE COURT SHOULD ADMIT THE AUDIO TAPE OR TRANSCRIPT OF THE POST-MIRANDA STATEMENT

There is a tape recording of Defendant's post-arrest statement. Because this admissions by Defendant tend to prove the elements of the charged crime, the tape is relevant. See Fed. R. Evid. 401. These statements are admissions of a party opponent admissible under Fed. R. Evid. 801(d)(2). The United States intends to play this tape. The United States also will provide a certified transcript of the hearing as part of its case-in-chief.

The Government also can authenticate the tape because it is a self-authenticating document under Rule 902 and Rule 1005 of the Federal Rules of Evidence. "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to . . . [d]omestic public documents . . . bearing a seal purporting to be that of the United States . . . ." Fed. R. Evid. 902(1). The audio tape of Defendant's hearing before an Immigration Judge have been certified as accurate by an interpreter

for the U.S. Immigration Court. The interpreter attested to this accuracy by applying his official governmental seal. Thus, the tape is self-authenticating and it should be admitted along with the accompanying transcript. See United States v. Lechuga, 975 F.2d 397, 399 (7th Cir.1992) (applying Rule 902 to an audio tape).

### K.  THE COURT SHOULD ADMIT RULE 609 EVIDENCE

The United States will notify Defendant of its intent to his Defendant's prior convictions, if any, for impeachment purposes under Rule 609, should Defendant choose to testify. If Defendant testifies at trial, he will place his credibility squarely at issue, and the United States should be able to inquire about any recent felony convictions, subject to this court's determination that the probative value of admitting this evidence outweighs its prejudicial effect to the accused..

Federal Rule of Evidence 609(a) provides in pertinent part: "For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment." Fed. R. Evid. 609(a).

The Ninth Circuit has listed five factors that the district court should balance in making the determination required by Rule 609. United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the court should consider 1) the impeachment value of the prior crime; 2) the point in time of the conviction and the witness's subsequent history; 3) the similarity between the past crime and the charged crime; 4) the importance of the defendant's testimony; and 5) the centrality of the defendant's credibility. Id. at 762-63. See also United States v. Hursh, 217 F.3d 761 (9th Cir. 2000).

### IV

### CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court grant its motions in limine.

1 | DATED: April 16, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Steven De Salvo

STEVEN DE SALVO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3357-BEN |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JORGE ALEJANDRO CORREA-RODRIGUEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Siri Shetty

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2008.

/s/ ***Steven De Salvo***

STEVEN DE SALVO

07CR3357-BEN